UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAYNE A. MAHON,<br><br>    Plaintiff,<br><br>        v.<br><br>WALKER ARRON STRAIT, et al.,<br><br>    Defendants. | CAUSE NO. 1:25-CV-250-TLS-AZ |

OPINION AND ORDER

Layne A. Mahon, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mahon alleges he was "trying to get to a safe place on camera to pull over" when Sergeant Walker Aaron Straight "acted as [if] he was going to run me over." ECF 1 at 2. According to Mahon, Sergeant Straight "ran [Mahon's moped] into a creek." Mahon travelled

through a bean field before Sergeant Straight called off the search. Mahon describes this incident as "excessive force-deadly force" and claims Sergeant Straight "left the scene of an accident." *Id*. Mahon alleges Sheriff James Heflin covered up misconduct by "not having dash cameras in his officers['] vehicles" and by only providing his attorney with videos that do "not incriminate his officer." *Id*.

Afterwards, Mahon was transported to the hospital for evaluation because he was allegedly "bleeding out from a gun shot wo[u]nd" which was caused by "someone else befor[e] the chase." *Id*. at 3. He claims they "treated me like a criminal" because he was not taken there by ambulance. *Id.* At the hospital, they told him "nothing was wrong," but a physician removed a bullet two hours later. *Id.* Mahon states, "[T]he cops made me look like I shot myself." *Id*. He believes it was "bodily intrusion" for the officers to take the bullet out of his body for their investigation. He has sued Sergeant Straight, Sheriff Heflin, and Darren Ramseyer—an individual who is not mentioned anywhere in the body of the complaint—for monetary damages and to have "dash camera[s] installed and people released from wrongful arrest." *Id.* at 4.

As an initial matter, to the extent Mahon is challenging his ongoing detention, he may not do so in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (explaining that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction); *Day v. Watson*, 798 Fed. App'x 27, 29 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) and noting that the exclusive remedy for such challenges is a collateral attack under 28 U.S.C. §§ 2241 or 2255).

Turning to his claims for monetary damages, the court has reviewed the state criminal docket related to this case.[1] Mahon was charged with resisting law enforcement and criminal mischief on July 22, 2024, following the incidents described in his complaint. *See generally State of Ind. v. Mahon*, cause no. 05C01-2407-F5-000232 (Blackford Cir. Ct. 4 Jul. 22, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jul. 23, 2025). The probable cause affidavit written by Sergeant Straight describes the events as follows:

> I was traveling westbound on Franklin Street near Mill Street in Hartford City. I observed as a silver in color moped was traveling southbound on Mill Street and had just passed Franklin Street. I observed that the moped did not have a functioning headlight on it. I also observed that the moped did not have a license plate on the back of it. I got behind the moped and saw as the driver turned his body to look at me. I observed who I know through many past interactions to be Layne Mahon operating the moped. I activated my emergency lights near the intersection of Main Street and Mill [S]treet to attempt to perform a traffic stop on the vehicle.
>
> The vehicle failed to stop and began traveling eastbound on Main Street. I activated my siren in an attempt to get the vehicle to stop. Mahon turned around and looked at me multiple times to which I could clearly identify Mahon as the driver. The vehicle continued eastbound still not stopping and approached Old State Road 22. The vehicle continued to travel eastbound on Old State Road 22 and was traveling at a speed of approximately 40 miles per hour (MPH). I observed as the vehicle began to veer off the south side of the road. The vehicle went into the field and began driving southbound in the field. Due to the deep slope on the side of the road, I had to continue eastbound on the road for a short while before I could enter the field. I observed as the vehicle continued southbound through the field. Due to the dangerous conditions of the field, I terminated my pursuit with the vehicle. I could no longer see the vehicle and was unaware of where the vehicle had went.

---

[1] The court is permitted to take judicial notice of public documents in screening a complaint. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

*Id*.; *see also* Ex. 1 (Probable Cause Affidavit).[2] The next day, Sheriff Heflin and other officers received information about Mahon's current location, and he was taken into custody without incident. *Id.* According to the probable cause affidavit, Mahon:

> [I]nformed Officers that he had wrecked his moped into a creek not far from where I had terminated the pursuit with him the night prior. Deputy Ross transported Mahon to IU Health Jay Hospital for a Jail clearance due to Mahon stating he had wrecked the vehicle. Deputy Ross informed us that Mahon also had a gunshot wound to his lowe[r] abdomen. Mahon informed Deputy Ross that he was stabbed by someone. Medical staff removed from Mahon's buttocks area a bullet that was lodged in there. Deputy Ross informed me that the entry wound was on Mahon's front side of his hip.

*Id*. An order finding probable cause was issued on July 22, 2025, the criminal case remains pending, and a jury trial is set for September 9, 2025. *Id.*

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal

---

[2] Because the probable cause affidavit is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of that filing to this order as Exhibit 1.

4

quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, internal quotation marks, and citations omitted).

Here, Mahon claims Sergeant Straight ran his moped into a creek as he was allegedly trying to find a spot to pull over. His complaint does not explain why or provide any details as to how this occurred, but he admits Sergeant Straight's vehicle never made contact with him. He does not allege he was injured in any way during the incident,[3] yet he states the chase involved "excessive force-deadly force." These conclusory allegations, devoid of supporting details, are insufficient to state a claim. "[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . [W]hen considering the viability of a claim . . ., we may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v.*

---

[3] As noted above, he claims he was shot by someone else prior to the vehicular pursuit.

5

*Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (internal quotations marks and citations omitted).

Moreover, the Supreme Court has made it clear that vehicular pursuits are a necessary, if sometimes risky, part of policing:

> [W]e are loath to lay down a rule requiring the police to allow fleeing suspects to get away whenever they drive so recklessly that they put other people's lives in danger. It is obvious the perverse incentives such a rule would create: Every fleeing motorist would know that escape is within his grasp, if only he accelerates to 90 miles per hour, crosses the double-yellow line a few times, and runs a few red lights. The Constitution assuredly does not impose this invitation to impunity-earned-by-recklessness. Instead, we lay down a more sensible rule: A police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death.

*Scott v. Harris*, 550 U.S. 372, 385–86 (2007); *see Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (explaining that during a police pursuit, a "Fourth Amendment seizure does not occur unless an officer intentionally and forcibly halts the fleeing suspect[,] and a Fourteenth Amendment violation must be "conscious-shocking"). Here, nothing in Mahon's sparse complaint suggests Sergeant Straight's pursuit of Mahon was objectively unreasonable or conscious-shocking. Based on what Mahon does allege—in conjunction with the probable cause affidavit—the court can not discern that any plausible constitutional violations occurred. *See, e.g.*, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law.") (emphasis in original)). As such, Mahon's Fourth Amendment excessive force claim will be dismissed.[4]

---

[4] To the extent Mahon is attempting to bring a claim based on the policy of the Blackford County Sheriff's Department regarding the lack of dashboard cameras, that fails as well. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

Mahon also alleges his rights were violated because—upon his arrest the next day—he was transported to the hospital via a police vehicle rather than an ambulance. To the extent he is claiming this went against policy, departmental policy violations do not amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. App'x 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations." (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002))).

To the extent he is attempting to bring a direct constitutional claim against the officers for allegedly failing to respond appropriately to his medical needs, the Fourth Amendment analysis applies to medical care claims brought by arrestees who are not yet considered pretrial detainees. *See, e.g., Pulera v. Sarzant*, 966 F.3d 540, 549–50 (7th Cir. 2020); *Currie v. Chhabra*, 728 F.3d 626, 630–31 (7th Cir. 2013). Under that standard, "[t]he issue is whether the state actor's 'response to [the arrestee]'s medical needs was objectively unreasonable' and 'caused the harm of which [the arrestee] complains.'" *Currie*, 728 F.3d at 631 (quoting *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011)).

Mahon states he was treated like a criminal because he was not transported to the hospital by ambulance, but he does not explain how or why he believes this to be the case. He claims it took two hours before a physician removed a bullet from his body, but it is not clear how the physician's actions or inaction could be attributable to the named defendants. Nothing in the

7

complaint plausibly suggests the officers' response to his medical needs was objectively unreasonable—indeed, according to Mahon, they immediately took him to the hospital when they found him bleeding from an unrelated gunshot wound. The fact that it was in a police vehicle rather than an ambulance, is not objectively unreasonable, especially considering Mahon does not suggest doing so caused him any additional harm.

This complaint does not state a claim for which relief can be granted. If Mahon believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.[5]

For these reasons, the court:

(1) DIRECTS the clerk to attach the Probable Cause Affidavit to this order as Exhibit 1;

---

[5] That said, although Mahon will be allowed to file an amended complaint, the court notes that, if he manages to state a plausible Fourth Amendment claim in connection with the traffic stop and/or arrest, the case will likely have to be stayed. Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. In certain circumstances, excessive force claims may also be precluded. *See, e.g., Tolliver v. City of Chicago*, 820 F.3d 237, 243–44 (7th Cir. 2016). "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Barfell v. Stenz*, cause no. 25CV162, 2025 WL 1169081, *3 (E.D. Wis. Apr. 22, 2025) ("[Plaintiff's] claims relating to the stop, search, and arrest all involve and call into question the ongoing state proceedings. Therefore, this court must stay this action until the criminal proceedings in state court conclude . . ..").

(2) GRANTS Layne A. Mahon until **August 25, 2025**, to file an amended complaint; and

(3) CAUTIONS Layne A. Mahon if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on July 29, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT